UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STEVEN MICHAEL RINDAL,<br><br>    Plaintiff,<br><br>  v.<br><br>DONALD MCDERMOTT; JAMES A. WINCHESTER; ALAN R. SOUDERS; SANDRA F. PERKINS; RICHARD A. WEYRICH; LISA M. JANICKI; PETER BROWNING; RONALD G. WESEN; AND THE COUNTY OF SKAGIT,<br><br>    Defendants. | CASE NO. 2:22-cv-01843-RSL<br><br>ORDER GRANTING DEFENDANT SOUDERS' MOTION TO DISMISS |

This matter comes before the Court on "Defendant Souders' Motion to Dismiss Under FRCP 12(b)(1) and 12(b)(6)." Dkt. # 18. Having reviewed the memoranda submitted by the parties, including plaintiff's corrected response, the Court finds as follows:

**Background**

Plaintiff alleges that he has been a chiropractor for fifty years in the State of Washington. During the COVID-19 pandemic, one of his patients, defendant James Winchester, complained to the Washington Department of Health that plaintiff was not wearing a mask. The Chiropractic Quality Assurance Commission sent plaintiff a

"barrage of correspondence" which culminated in the revocation of his chiropractic license. Dkt. # 3 at ¶ 22.

In December 2021, plaintiff sent Winchester a document titled "Common Law AFFIDAVIT/DECLARATION OF TRUTH – 2nd Notice of Constitutional Violations, Notice to Cure, Notice to Cease and Desist" in which he accused Winchester of practicing medicine without a license, filing false claims/statements, and engaging in libel and slander in violation of state law. Dkt. # 3-1 at 67-75.[1] Plaintiff unilaterally deemed all of the allegations asserted in the AFFIDAVIT/DECLARATION OF TRUTH to be admitted, declared Winchester in default, demanded payment of $24,127,180.33 in settlement of his claims, and noted that failure to pay would create a consent to judgment and result in an encumbrance/lien/garnishment of Winchester's assets. Dkt. # 1-3 at 72-73.

On or about January 26, 2022, defendant Alan Souders sent plaintiff a letter

---

[1] At one point in the letter, plaintiff asserts that "Respondents," a term which included Winchester, defendant Don McDermott, Governor Jay Inslee, and twenty-two other people,

> committed the following crimes that have infringed on Rindal's God-given, Constitutionally protected Rights[]: DISCRIMINATION, DEPRIVATION OF RIGHTS, RACKEEERING (RICO), ACTING UNDER COLOR OF ANY LAW, NUREMBERG CODE #1, HARASSMENT, PERJURY, INTIMIDATION, DOMESTIC TERRORISM, SUBORNATION OF PERURY, VIOLATED ADA (AMERICAN DISABILITIES ACT TITLE III), VIOLATED HIPAA LAWS, VIOLATED FREEDOM OF RELIGION, VIOLATED FREEDOM OF SPEECH, COERCION, HUMAN RIGHTS VIOLATION, FRAUD AND FALSE STATEMENTS, CIVIL RIGHTS VIOLATIONS, MALFEASANCE IN OFFICE, MISPRISION OF FELONY, OFFICIAL MISCONDUCT, CRIMINAL CONSPIRACY, SEDITION AND INSURRECTION, BAD FAITH CLAIMS, EMBARASSMENT, HUMILIATION, LIBEL and SLANDER and punished Rindal without due process in absence of any actual crime against life, liberty or property.

Dkt. # 3-1 at 70.

stating:

> I write today on behalf of my client, James Winchester. Knowing that you have threatened legal action against Mr. Winchester, and because of Mr. Winchester's absence from the State, please address any correspondence, service or any other matter concerning Mr. Winchester to me, at the address shown on the letterhead, and not to him.

Dkt. # 3-1 at 117. Plaintiff then sent Souders and Winchester an "AFFIDAVIT/ DECLARATION OF TRUTH," accusing Souders of falsely claiming that plaintiff had threatened Winchester with legal action and declaring that Souders was therefore joined as a "Respondent" who was jointly and severally liable for $75,500,350.00. Dkt. # 3-1 at 118-22. The Amended Complaint similarly alleges that Souders "falsely claimed Plaintiff threatened WINCHESTER" and is in default under the terms of plaintiff's affidavit. Dkt. # 3 at ¶¶ 27 and 28. Souders seeks dismissal of the claims asserted against him on the grounds that the Court lacks subject matter jurisdiction over purely state law claims and that plaintiff has failed to state a claim upon which relief can be granted.

**Pendant Party Jurisdiction**

In *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725 (1966), the Supreme Court held that federal courts deciding claims that fall within their federal-question jurisdiction may decide state law claims if they "derive from a common nucleus of operative fact" and comprise "but one constitutional 'case'". When asked to extend the exercise of pendent jurisdiction to claims involving a party against whom no claim within the court's jurisdiction had been asserted, the Supreme Court declined, finding that pendent party jurisdiction would not be appropriate absent authorization from Congress

and a finding that the claims were part of the same constitutional case or controversy. *Finley v. United States*, 490 U.S. 545 (1989). The required statutory authorization was provided in 1990 when Congress enacted 28 U.S.C. § 1367 which expressly extended supplemental jurisdiction to "claims that involve the joinder or intervention of additional parties." Thus, as long as the claims asserted against the party are part of the same constitutional case under Article III and derive from a common nucleus of operative fact, the district court has the discretion to exercise pendent party jurisdiction. *Mendoza v. Zirkle Fruit Co.*, 301 F.3d 1163, 1173 (9th Cir. 2002).

Plaintiff's claims against Souders arise from events that are temporally and substantively distinct from the events giving rise to the federal claims asserted against the other defendants. Souders is accused of making a false declaration in a letter dated January 26, 2022. The accuracy and legal import of that allegation can be determined without delving into the regulatory actions triggered by Winchester's October 2020 complaint or the Skagit County defendants' response to plaintiff's communications. Because the state law claims against Souders do not arise from the same nucleus of operative facts giving rise to his federal claims, supplemental jurisdiction does not exist.[2]

**Failure to State a Claim for Relief**

Because the Court lacks the power to hear and decide plaintiff's state law claims

---

[2] In his opposition to Souders' motion to dismiss, plaintiff suggests that, as an officer of the court, Souders had an obligation to report the felonies plaintiff reported in the AFFIDAVIT/ DECLARATION OF TRUTH. The Amended Complaint does not assert any claim against Souders for failure to report or investigate. Nor is the Court aware of any duty imposed on a private person – whether that person is an attorney or not – to take it upon themselves to report a felony simply because plaintiff believed a felony occurred.

ORDER GRANTING DEFENDANT
SOUDERS' MOTION TO DISMISS

against defendant Souders, it need not consider whether those claims have been adequately pled.

For all of the foregoing reasons, Souders' motion to dismiss (Dkt. # 18) is GRANTED.

Dated this 6th day of July, 2023.

　　　　　　　　　　　　　　　　　*MMS Lasnik*
　　　　　　　　　　　　　　　　　ROBERT S. LASNIK
　　　　　　　　　　　　　　　　　United States District Judge