UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STEVEN MICHAEL RINDAL,<br><br>                    Plaintiff,<br><br>    v.<br><br>DONALD MCDERMOTT; JAMES A. WINCHESTER; ALAN R. SOUDERS; SANDRA F. PERKINS; RICHARD A. WEYRICH; LISA M. JANICKI; PETER BROWNING; RONALD G. WESEN; AND THE COUNTY OF SKAGIT,<br><br>                    Defendants. | CASE NO.  2:22-CV-01843-RSL<br><br>ORDER GRANTING SKAGIT COUNTY DEFENDANTS' MOTION TO DISMISS AND GRANTING LEAVE TO AMEND |

This matter comes before the Court on "Defendants McDermott, Perkins, Weyrich, Janicki, Browning, Wesen, and Skagit County's Motion to Dismiss Plaintiff's Complaint" (Dkt. # 17), plaintiff's "2nd Motion to Disqualify Counsel Erik Pedersen" (Dkt. # 24), plaintiff's "Motion to Disqualify Counsel Erik Pedersen" (Dkt. # 25), and plaintiff's praecipe regarding the motions to disqualify (Dkt. # 29). Having reviewed the memoranda and exhibits submitted by the parties, the Court finds as follows:

**Motions to Disqualify**

Plaintiff requests that the Skagit County defendants' counsel of record, Erik Pedersen, be disqualified from participating in this matter and that his submissions on

behalf of the Skagit County defendants be stricken. As grounds for disqualification, plaintiff asserts that Mr. Pedersen:

    a. made nonsensical and/or factually inaccurate filings in this matter;

    b. made confusing submissions in other cases pending in state and federal court;

    c. made filings and representations on behalf of the Skagit County defendants before he was authorized by the Board of Skagit County Commissioners to defend the claims of individual liability asserted against the Skagit County defendants;

    d. violated Washington Rules of Professional Conduct 3.7, 5.1, 5.2, and 8.4 by filing documents for the purpose of confusion and delay, appearing in an action in which he is likely to be a necessary witness, failing to include the United States or its agency/officer as a party in this matter; failing to protect the parties' privacy in filings, and committing acts of moral turpitude, corruption, or assault;

    e. instructed the Skagit County Recorder to not record Notices of Pendency submitted by plaintiff;

    f. violated federal criminal laws by representing the Skagit County defendants without authority; and

    g. violated Fed. R. Civ. P. 11 by making arguments with no legal or evidentiary support.

Disqualification is a drastic and harsh remedy, punishing both the clients and counsel: it is generally appropriate only if counsel's continuing participation will adversely impact the administration of justice. Plaintiff offers nothing in support of his various accusations against Mr. Pedersen. Some of the accusations are simply false. For example, Mr.

ORDER GRANTING SKAGIT COUNTY
DEFENDANTS' MOTION TO DISMISS - 2

Pedersen made no filings in this matter prior to being officially authorized to represent the Skagit County defendants, nor had the parties conducted their Rule 26(f) conference at the time the motions for disqualification were filed.[1] Some of the accusations are irrelevant, such as whether plaintiff found Mr. Pederson's filings confusing or not properly supported, what Mr. Pedersen has done or filed in other cases, or whether Mr. Petersen engaged in malfeasance involving the Skagit County Recorder. The remaining accusations are entirely unsupported, lacking both factual assertions and evidence that could justify a finding that Mr. Pedersen filed papers that do not comply with Rule 11, had a duty to implead the United States, was likely to appear as a witness in this matter, *etc*.

Mr. Pedersen in a member of the Washington State Bar Association and admitted to practice before this Court. As far as the Court is concerned, his representation of the Skagit County defendants has been entirely appropriate. The motions for disqualification are DENIED.

**Request for Judicial Notice**

While the Court may generally not consider any material outside the pleadings in the context of a motion to dismiss under Fed. R. Civ. P. 12(b)(6), judicial notice may be taken of matters of public record under Fed. R. Ev. 201. *Harris v. Cnty. of Orange*, 682 F.3d 1126, 1131–32 (9th Cir. 2012); *United States Small Bus. Admin. v. Bensal*, 853 F.3d 992, 1003 fn.3 (9th Cir. 2017). The Court has considered plaintiff's Public Records

---

[1] The conduct of which plaintiff complains appears to have occurred in another cause of action in which plaintiff is participating.

ORDER GRANTING SKAGIT COUNTY
DEFENDANTS' MOTION TO DISMISS - 3

Request Form and the Records Management Division's responses thereto for the limited purposes of ascertaining the dates of the request and responses.

**Background**

Plaintiff alleges that he has been a chiropractor for fifty years in the State of Washington. During the COVID-19 pandemic, a patient, defendant James Winchester, complained to the Washington Department of Health that plaintiff was not wearing a mask. The Chiropractic Quality Assurance Commission sent plaintiff a "barrage of correspondence" which culminated in the revocation of his chiropractic license. Dkt. # 3 at ¶ 22. Plaintiff alleges that he sent affidavits to the Skagit County defendants detailing the wrongs done to him. They did not respond, which plaintiff incorrectly construes as an admission that they agree with his allegations, nor did they initiate an investigation or prosecution regarding his claims. Plaintiff accuses the Skagit County defendants of failing "to respond to Plaintiff's pleas for relief from lawlessness or redress of grievances and fail[ing] to perform their official duties including the reporting of felonies to the Superior, Appellate, Supreme courts or the military," Dkt. # 3 at ¶ 43, and he blames them for the loss of his chiropractic license, Dkt. # 3 at ¶ 58.

While defendants' alleged failure to stop the Chiropractic Quality Assurance Commission from revoking his license forms the basis for his claim of over $24 million in damages, he also asserts that the Skagit County defendants are equitably estopped from contesting the assertions made in his various affidavits and that they have violated numerous federal and state laws, the vast majority of which are listed with only a formulaic recitation or summary of the nature of the statute. Dkt. # 3 at ¶¶ 41-43, 48-53,

55-57, and 60-61. Finally, plaintiff alleges that the Skagit County defendants willfully neglected to timely respond to his Public Records Act request. Dkt. # 3 at ¶ 59.

**Discussion**

The question for the Court on a motion to dismiss is whether the facts alleged in the complaint sufficiently state a "plausible" ground for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In the context of a motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008) (citation omitted). Although the Court's review is generally limited to the contents of the complaint, *Campanelli v. Bockrath*, 100 F.3d 1476, 1479 (9th Cir. 1996), "[w]e are not . . . required to accept as true allegations that contradict exhibits attached to the Complaint or matters properly subject to judicial notice, or allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences," *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

> To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face." []*Twombly*, 550 U.S. [at 570]. A plausible claim includes "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *U.S. v. Corinthian Colls.*, 655 F.3d 984, 991 (9th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Under the pleading standards of Rule 8(a)(2), a party must make a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). . . . A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

Thus, "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004).

*Benavidez v. Cty. of San Diego*, 993 F.3d 1134, 1144–45 (9th Cir. 2021). If the complaint fails to state a cognizable legal theory or fails to provide sufficient facts to support a claim, dismissal is appropriate. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010).

Plaintiff alleges that the Skagit County defendants failed to act, but he has not raised a plausible inference that their conduct was wrongful or could give rise to a plausible claim for relief against any of them. His claim that the moving defendants failed to prevent the state from revoking his license is unsupported by any facts suggesting that they had a duty to do so. RCW 18.130.050; *Brown v. State*, 110 Wn. App. 778, 783–84 (2002), *as amended* (2002). Nor were the Skagit County defendants obligated to investigate or prosecute criminal matters. *Matter of Recall of Snaza*, 197 Wn.2d 104, 113 (2021); *Janaszak v. State*, 173 Wn. App. 703, 725 (2013); *Alexander v. Cnty. of Walla Walla*, 84 Wn. App. 687, 694 (1997); *Anderson v. City of Bellevue*, 862 F. Supp. 2d 1095, 1100 (W.D. Wash. 2012); *Tanner v. City of Fed. Way*, 100 Wn. App. 1, 4 (2000). Plaintiff lacks standing to pursue claims under the criminal statutes he lists in his complaint, and has not pled facts to support the constitutional, civil rights, and most other statutory claims asserted. With regards to the Public Records Act claim, the records submitted by the moving defendants show that the request was made on February 25, 2022 (Dkt. # 17 at 65-68), it was acknowledged that same day (Dkt. # 17 at 18), and

records were provided on March 1, 2022 (Dkt. # 17 at 71 and 76-87) and March 9, 2022 (Dkt. # 17 at 20-64 and 69). Plaintiff has failed to raise a plausible inference of liability under any of the asserted claims

**Futility of Amendment**

A "pro se litigant is entitled to an opportunity to amend '[u]nless it is absolutely clear that no amendment can cure the defect.'" *Walker v. Beard*, 789 F.3d 1125, 1139 (9th Cir. 2015) (*quoting Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir.1995)); *Thinket Ink Information Res., Inc. v. Sun Microsystems, Inc.*, 368 F.3d 1053, 1061 (9th Cir. 2004). Defendants have moved for dismissal with prejudice, arguing that permitting plaintiff to amend his complaint further would be futile. Although plaintiff offers no explanation of how he might amend his factual allegations to give rise to a plausible claim for relief against these defendants for the loss of his chiropractic license,[2] he has not had an opportunity to amend in response to defendants' arguments and the Court's findings.

Plaintiff may have a viable claim against one or more of the Skagit County defendants, but, if so, it is well and truly hidden behind lists of statutory citations for which no supporting facts have been alleged. Plaintiff may, on or before, August 9, 2023, file an amended complaint which clearly and concisely identifies the acts of which each of the Skagit County defendants is individually accused and how those acts violated

---

[2] In his surreply, plaintiff focuses on alleged problems with the Skagit County defendants' oaths of office/official bonds. Dkt. # 39. Plaintiff has raised these matters in other lawsuits pending in this district (*see, e.g., Hart v. Skagit County Commissioners*, Case No. 2:23-cv-00309-MJP) and will not be permitted to pursue duplicative claims under this cause number.

ORDER GRANTING SKAGIT COUNTY
DEFENDANTS' MOTION TO DISMISS - 7

plaintiff's legal rights. Plaintiff is hereby advised that, if he intends to rely on the fact that one or more of these defendants failed to respond to or take appropriate action after receiving his affidavits/complaints, he must allege facts showing that each of the named defendants had a duty to respond or act. The key to filing an acceptable amended complaint will be providing enough facts from which one could plausibly infer that plaintiff has a viable legal claim and a right to relief against each defendant. The amended complaint will replace the existing complaint in its entirety. Failure to timely file an amended complaint that asserts a plausible claim for relief will result in dismissal of the claims against the Skagit County defendants.

The Clerk of Court is directed to note this "Leave to Amend" on the calendar for consideration on Friday, August 11, 2023.

Dated this 7th day of July, 2023.

*/s/ Robert S. Lasnik*
ROBERT S. LASNIK
United States District Judge