1
2
3
4
5

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STEVEN MICHAEL RINDAL, <br><br> Plaintiff, <br><br> v. <br><br> DONALD MCDERMOTT; JAMES A. WINCHESTER; ALAN R. SOUDERS; SANDRA F. PERKINS; RICHARD A. WEYRICH; LISA M. JANICKI; PETER BROWNING; RONALD G. WESEN; AND THE COUNTY OF SKAGIT, <br><br> Defendants. | CASE NO.  2:22-CV-01843-RSL <br><br> ORDER GRANTING WINCHESTER'S MOTION TO DISMISS AND GRANTING LEAVE TO AMEND |

This matter comes before the Court on "Defendant Winchester's Motion to Dismiss Under FRCP 12(b)(1) and 12(b)(6)." Dkt. # 19. Having reviewed the memoranda submitted by the parties, the Court finds as follows:

**Background**

Plaintiff alleges that he has been a chiropractor for fifty years in the State of Washington. During the COVID-19 pandemic, one of his patients, defendant James Winchester, complained to the Washington Department of Health that no one in plaintiff's office was wearing a mask. The Chiropractic Quality Assurance Commission sent plaintiff a "barrage of correspondence" which culminated in the revocation of his

1  chiropractic license. Dkt. # 3 at ¶ 22. Plaintiff alleges that he sent an affidavit to

2  Winchester on or about December 10, 2021, detailing the wrongs done to him.

3  Winchester did not respond, which plaintiff incorrectly construes as an admission that

4  Winchester agrees with plaintiff's allegations and has consented to the entry of judgment

5  against him.[1] When Winchester hired an attorney to represent him, plaintiff sent a second

6  affidavit to Winchester and the attorney, this time demanding payment of over $75

7  million.

8       In the Amended Complaint, plaintiff alleges that Winchester is equitably estopped

9  from contesting the assertions made in the affidavits and that he has violated numerous

10 federal laws, the vast majority of which are listed with only a brief (and sometimes

11 misleading) summary of the statute. Dkt. # 3 at ¶¶ 44-46. Winchester seeks dismissal of

12 the claims against him under Fed. R. Civ. P. 12(b)(1) and 12(b)(6), but both arguments

13 are based on the assertion that the federal claims asserted against him are not viable. The

14 Court therefore evaluates the adequacy of the allegations under Rule 12(b)(6).

**Discussion**

       The question for the Court on a motion to dismiss is whether the facts alleged in

the complaint sufficiently state a "plausible" ground for relief. *Bell Atl. Corp. v.*

---

[1] Silence or a failure to respond gives rise to a contract under Washington law only where there is a duty to speak. *See Goodman v. Darden, Doman & Stafford Assoc.*, 100 Wn.2d 476, 482–83 (1983); *Saluteen-Maschersky v. Countrywide Funding Corp.*, 105 Wn. App. 846, 853 (2001). There is no reason to believe that defendants had any obligation to respond to the documents plaintiff unilaterally drafted and mailed to them. Nor would it be reasonable to conclude that defendants consented to the entry of judgment against them regarding the matters set forth in the affidavits simply because they did not affirmatively object or respond to plaintiff's out-of-court statements.

1   *Twombly*, 550 U.S. 544, 570 (2007). In the context of a motion under Rule 12(b)(6) of

2   the Federal Rules of Civil Procedure, the Court must "accept factual allegations in the

3   complaint as true and construe the pleadings in the light most favorable to the nonmoving

4   party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008)

5   (citation omitted). Although the Court's review is generally limited to the contents of the

6   complaint, *Campanelli v. Bockrath*, 100 F.3d 1476, 1479 (9th Cir. 1996), "[w]e are not . .

7   . required to accept as true allegations that contradict exhibits attached to the Complaint

8   or matters properly subject to judicial notice, or allegations that are merely conclusory,

9   unwarranted deductions of fact, or unreasonable inferences," *Daniels-Hall v. Nat'l Educ.*

10  *Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

> To survive a motion to dismiss under Rule 12(b)(6), a complaint must
> allege "enough facts to state a claim to relief that is plausible on its face."
> []*Twombly*, 550 U.S. [at 570]. A plausible claim includes "factual content
> that allows the court to draw the reasonable inference that the defendant is
> liable for the misconduct alleged." *U.S. v. Corinthian Colls.*, 655 F.3d 984,
> 991 (9th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).
> Under the pleading standards of Rule 8(a)(2), a party must make a "short
> and plain statement of the claim showing that the pleader is entitled to
> relief." Fed. R. Civ. P. 8(a)(2). . . . A complaint "that offers 'labels and
> conclusions' or 'a formulaic recitation of the elements of a cause of action
> will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).
> Thus, "conclusory allegations of law and unwarranted inferences are
> insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d
> 1179, 1183 (9th Cir. 2004).

*Benavidez v. Cty. of San Diego*, 993 F.3d 1134, 1144–45 (9th Cir. 2021). If the complaint

fails to state a cognizable legal theory or fails to provide sufficient facts to support a

claim, dismissal is appropriate. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010).

Plaintiff alleges that Winchester filed a false complaint with the Washington Department of Health as part of a vendetta to destroy plaintiff's business. Plaintiff does not allege that he was, in fact, in compliance with the mask mandate that was then in effect, but rather that the mandate was invalid and it was therefore false to suggest that plaintiff was doing anything wrong. Plaintiff's allegation of bad faith on Winchester's part or a vendetta against his business is unsupported: the only evidence in the records suggests that Winchester was reacting to what he saw at plaintiff's office when he made his complaint to the regulatory authority. Thus, plaintiff has adequately alleged no more than that Winchester filed a complaint against him. Plaintiff asserts that by filing of the complaint, Winchester violated the following federal laws:

a. Weaponizing Elected officials using false information;

b. 18 U.S.C. § 1001 (statute criminalizing the making of false statements to federal authorities);

c. 18 U.S.C. § 2331(5) (the definition of "domestic terrorism");

d. 42 USC § 3617 (statute making it unlawful to retaliate against anyone exercising a right under the Fair Housing Act);

e. 18 U.S.C. § 241 (statute criminalizing conspiracies to injure or intimidate any citizen in free exercise of any federal statutory or constitutional right or privilege);

f. 18 U.S.C. § 4 (statute criminalizing concealment of the commission of a felony);

g. 18 U.S.C. § 2385 (statute criminalizing the teaching and advocacy of the violent

overthrow of the government); and

h. 10 U.S.C. § 1094(c)(1) (statute authorizing a civil monetary penalty of $5000 if a person in the armed forces provides health care without a license).

Plaintiff does not identify the law precluding "weaponization," he alleges no facts which could establish Winchester's liability under any of the cited statutes, and/or he lacks standing to enforce the criminal statutes identified. In his opposition to Winchester's motion to dismiss, plaintiff lists two other statutes, 42 U.S.C. § 1983 and RICO, and argues that his request for a referral of his allegations "to the proper authorities for criminal investigation" should not be dismissed. Plaintiff has not, however, asserted a § 1983 or a RICO claim against Winchester, nor has he alleged any facts which could support such a claim. With regards to his request for a referral, courts generally play no role in developing the disputes that come before them: it is for law enforcement and the prosecutor to determine whether defendants' conduct justifies investigation and/or prosecution.

**Futility of Amendment**

A "pro se litigant is entitled to an opportunity to amend '[u]nless it is absolutely clear that no amendment can cure the defect.'" *Walker v. Beard*, 789 F.3d 1125, 1139 (9th Cir. 2015) (*quoting Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir.1995)); *Thinket Ink Information Res., Inc. v. Sun Microsystems, Inc.*, 368 F.3d 1053, 1061 (9th Cir. 2004). Plaintiff has not yet had an opportunity to amend his complaint, and the Court cannot say with certainty that amendment would be futile.

Plaintiff may have a viable claim against Winchester, but he has not asserted any

facts which suggest culpability: reporting plaintiff's violations of the mask mandate, standing alone, does not make Winchester liable for the regulator's response to plaintiff's conduct. Plaintiff may, on or before August 9, 2023, file an amended complaint which clearly and concisely identifies the acts of which Winchester is accused and how those acts violated plaintiff's legal rights. The amended complaint will replace the existing complaint in its entirety. Failure to timely file an amended complaint that asserts a plausible claim for relief will result in dismissal of the claims against Winchester with prejudice.

The Clerk of Court is directed to note this "Leave to Amend" on the calendar for consideration on Friday, August 11, 2023.

Dated this 7th day of July, 2023.

MaS Lasnik
ROBERT S. LASNIK
United States District Judge

ORDER GRANTING WINCHESTER'S
MOTION TO DISMISS - 6