UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STEVEN MICHAEL RINDAL,<br><br>Plaintiff,<br><br>v.<br><br>DONALD MCDERMOTT, *et al.*,<br><br>Defendants. | CASE NO. 2:22-CV-01843-RSL<br><br>ORDER OF DISMISSAL |

In three orders issued on July 6, 2023, and July 7, 2023, the Court dismissed plaintiff's claims against all of the named defendants for failure to allege facts giving rise to a plausible inference of liability. Dkt. # 51-53. Plaintiff was given leave to file an amended complaint against the Skagit County defendants (Donald McDermott, Sandra F. Perkins, Richard A. Weyrich, Lisa M. Janicki, Peter Browning, Ronald G. Wesen, and The County of Skagit) and James A. Winchester. Dkt. # 52-53. He was warned, however, that the failure to allege facts giving rise to a plausible claim for relief would result in dismissal. This matter is again before the Court on plaintiff's second "Amended Civil Complaint Claim for Damages." Dkt. # 54. Having reviewed the amended pleading and the remainder of the record, the Court finds as follows:

The factual bases for plaintiff's claims against the named defendants have not changed. Plaintiff continues to allege that on October 16, 2020, during the COVID-19

ORDER OF DISMISSAL - 1

pandemic, defendant Winchester complained to the Washington Department of Health that no one in plaintiff's chiropractic office was wearing a mask, and that the Skagit County defendants failed to act when plaintiff provided notice that the Chiropractic Quality Assurance Commission lacked the power to enforce Governor Inslee's mask mandate.[1] From these bare factual allegations, plaintiff asserts that the Skagit County defendants refused or neglected to perform their duties, deprived plaintiff of his constitutional rights, engaged in a racketeering conspiracy with defendant Winchester to weaponize government and penalize plaintiff, discriminated against plaintiff, were negligent, and negligently inflicted emotional distress.

The factual allegations of the second amended complaint, which the Court accepts as true and construes in the light most favorable to plaintiff, fail to sufficiently state a "plausible" ground for relief under any of the claims listed in the preceding paragraph. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). As discussed in the prior orders of dismissal, the facts alleged do not suggest that plaintiff has standing or is entitled to relief under any of the identified statutes or theories. The only new factual allegations involve violations of laws requiring open public meetings and establishing procedures for the

---

[1] The second amended complaint includes allegations against Erik Pedersen, the Skagit County defendants' counsel of record, but he is not a defendant in this action, and the Court has already determined that "his representation of the Skagit County defendants has been entirely appropriate." Dkt. # 52 at 3. To the extent plaintiff's allegations touch on alleged problems with the Skagit County defendants' oaths of office/official bonds, plaintiff has raised these matters in other lawsuits pending in this district (*see, e.g., Hart v. Skagit County Commissioners*, Case No. 2:23-cv-00309-MJP) and will not be permitted to pursue duplicative claims under this cause number. Dkt. # 52 at 7, n.2.

appropriation of public funds in Skagit County. Plaintiff alleges that the Skagit County Commissioners must have "clandestinely [met] in secret to approve the misappropriation of Public funds for their private defense of crimes continued in this court." Dkt. # 54 at ¶ 2.26. The Court finds that the federal racketeering claim related to this conduct has not been adequately pled and declines to exercise supplemental jurisdiction over any alleged violation of state or local law.

For all of the foregoing reasons, plaintiff's amended claims in the above-captioned matter are hereby DISMISSED. The Clerk of Court is directed to enter judgment in favor of defendants and against plaintiff.

Dated this 14th day of August, 2023.

ROBERT S. LASNIK
United States District Judge

ORDER OF DISMISSAL - 3